**TENNGASCO EXCHANGE
CORPORATION,
Petitioner,**

**v.**

**FEDERAL ENERGY REGULATORY
COMMISSION, Respondent,**

Hadson Gas Systems, Inc., Pan–Alberta Gas (U.S.) Inc., Shell LNG Trading Company, Salmon Resources Ltd., Columbia Atlantic Trading Corporation, Independent Petroleum Association of Canada, Western Gas Marketing U.S.A., Transco Energy Marketing Company, Canadian Petroleum Association, Intervenors.

**No. 90–1331.**

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 22, 1991.

Decided Jan. 7, 1992.

Robert W. Baker, Houston, Tex., for petitioner.

Jill Hall, Atty., F.E.R.C., with whom William S. Scherman, Gen. Counsel and Jerome M. Feit, Sol., F.E.R.C., were on the brief, for respondent.

Tejinder S. Bindra, Wilmington, Del., for Columbia Atlantic Trading Corp., Philip M. Marston, for Hadson Gas Systems, Inc., Roger A. Berliner and Jane E. Stelck, Washington, D.C., for Independent Petroleum Ass'n of Canada and Canadian Petroleum Ass'n, John R. Staffier, Washington, D.C., for Pan–Alberta Gas (U.S.) Inc., Frank X. Kelly, Washington, D.C., for Salmon Resources Ltd., John W. Ebert, Gwendolyn G. Logan, Washington, D.C., Clayton G. Smith and David A. Glenn, Houston, Tex., for Transco Energy Marketing Co., Paul H. Keck, Robert I. White and Nancy A. White, Washington, D.C., for Western Gas Marketing U.S.A., and Charles J. McClees, Jr. and Kathleen T. Puckett, Houston, Tex., for Shell LNG Trading Co., were on the joint statement for intervenors. Shippen Howe, Carroll L. Gilliam and Kevin M. Sweeney, Washington, D.C., also entered appearances for intervenors.

Before BRENNAN, Associate Justice (Retired),* WALD and HENDERSON, Circuit Judges.

Opinion for the Court filed by Associate Justice (Retired) BRENNAN.

* The Honorable William J. Brennan, Jr., Associ-      ate Justice of the United States Supreme Court,

BRENNAN, Associate Justice (Retired):

Petitioner Tenngasco Exchange Corporation ("Tenngasco"), a gas marketer affiliated with Tennessee Gas Pipeline Company, petitions for review of two orders in which the Federal Energy Regulatory Commission ("FERC" or "the Commission") asserted jurisdiction over sales for resale of imported Canadian gas. Tenngasco, an intervenor in those proceedings, urges that the Commission has no jurisdiction over such sales. We conclude, however, that Tenngasco lacks standing and accordingly dismiss its petition for review.

### I.

The Natural Gas Act ("NGA"), adopted in 1938, gives FERC jurisdiction over, *inter alia,* the sale of gas for resale in interstate commerce. Section 7(c) of the NGA provides that when a company sells gas subject to the Commission's jurisdiction, it must obtain from FERC a certificate of public convenience and necessity. 15 U.S.C. § 717f(c). The Commission's NGA jurisdiction, however, was sharply limited by passage of the Natural Gas Policy Act of 1978 ("NGPA"), section 601 of which generally eliminated the certificate requirement for sales of gas defined as "first sales." 15 U.S.C. § 3431; *see also id.* § 3301(21)(A) (defining the term "first sales").

In 1987, Salmon Resources Ltd., a gas marketer, sought section 7(c) authority to sell imported Canadian gas for resale in interstate commerce. Salmon conditioned its application upon FERC's determination that it had NGA jurisdiction over such sales. Petitioner Tenngasco intervened in the proceeding, stating that it, too, intended to sell Canadian gas for resale, and contending that the "first sales" provisions of the NGPA deprived FERC of NGA jurisdiction over sales of imported gas.

FERC found that it had jurisdiction and amended Salmon's certificate as requested. *Salmon Resources Ltd.,* 50 F.E.R.C. ¶ 61,-101, at 61,324 (1990). The Commission further determined that the market was sufficiently competitive so that it need not set a rate for Salmon's sales. *Id.,* at 61,327–28. Tenngasco petitioned for rehearing. In denying rehearing, FERC ruled that sale of imported gas is not a "first sale" that would be exempted by the NGPA from the Commission's NGA certificate authority. 51 F.E.R.C. ¶ 61,148, at 61,399 (1990). Tenngasco now petitions this court for review of both orders in the *Salmon Resources* case: FERC's original ruling that it had jurisdiction, and its reaffirmation of that decision on Tenngasco's petition for rehearing.

Meanwhile, at the same time that it was intervening in the *Salmon Resources* proceedings, Tenngasco filed its own application for section 7(c) authority to sell Canadian gas. FERC granted Tenngasco's application and, as it had in *Salmon Resources,* stated that it was unnecessary to set a sales rate. *ANR Supply Co.,* 50 F.E.R.C. ¶ 61,422 (1990). Although Tenngasco did not seek rehearing of this order with the Commission,** several other parties did, arguing that the Commission did not have NGA jurisdiction over sales of imported gas. The Commission recently rejected these arguments in denying rehearing. *Enron Gas Marketing, Inc.,* 57 F.E.R.C. ¶ 61,257 (1991).

### II.

Tenngasco's petition for review arises from the *Salmon Resources* proceedings, not from the Commission proceedings that directly concerned Tenngasco's own section 7(c) applications. Tenngasco argues that its objections to FERC's assertion of NGA jurisdiction are nevertheless properly before the court. In the *Salmon Resources*

---

retired, sitting by designation pursuant to 28 U.S.C. § 294(a).

** Tenngasco did, however, unsuccessfully seek rehearing of the Commission's later order re-

newing the certificate. *See LaSER Marketing Co.,* 54 F.E.R.C. ¶ 61,362 (1991) (renewing certificate); *Enron Gas Marketing, Inc.,* 57 F.E.R.C. ¶ 61,257 (1991) (denying rehearing).

orders, Tenngasco observes, FERC stated that it has NGA jurisdiction over all sales for resale of imported gas, and it has re-affirmed that position uniformly in subsequent orders. According to Tenngasco, the position staked out in *Salmon Resources* has required Tenngasco and all other sellers of imported gas to endure the time and expense of filing section 7(c) applications and has exposed them to the risk that FERC will, at some future date, exert NGA regulatory authority over rates and abandonment. FERC's assertion of NGA jurisdiction, Tenngasco argues, has impaired its ability to market its gas.

The Commission points out, however, that Tenngasco's quest for a "first sale" exemption from NGA certificate authority faces a formidable obstacle. Section 2(21)(B) of the NGPA, 15 U.S.C. § 3301(21)(B), provides that first sale exemptions do not apply to

> the sale of any volume of natural gas by any interstate pipeline ... or any affiliate thereof, unless such sale is attributable to volumes of natural gas produced by such interstate pipeline ... or any affiliate thereof.

Tenngasco is the affiliate of a major interstate pipeline, and the gas in question is imported from Canada, not produced by either Tenngasco or its pipeline affiliate. Thus, whether or not the "first sale" exemption might extend to marketers that, like Salmon Resources, are not affiliated with interstate pipelines, in Tenngasco's case section 2(21)(B) would seem to bar NGPA exemption from the NGA certificate regime.

It is true, as Tenngasco noted at oral argument, that even with respect to pipeline affiliates, FERC has on some occasions exercised its statutory authority to define certain sales as first sales "in order to prevent circumvention of any maximum lawful price established under this chapter." NGPA § 2(21)(A)(v), 15 U.S.C. § 3301(21)(A)(v). A recent Commission order has made clear, however, that its policy is to exercise this authority only with respect "to a marketing affiliate's sale of *domestic*, not ... imported gas." *Enron Gas Marketing, Inc.*, 57 F.E.R.C. at 61,802 n. 17 (1991). Indeed, the Commission stated quite clearly in that order that, for this reason, Tenngasco's sales of imported gas do not qualify for the "first sale" exemption. *Id.*

Thus, even if this court were to accept Tenngasco's argument that the "first sale" exemption is available to Salmon Resources, that ruling would afford no relief to Tenngasco. Because Tenngasco cannot show that any injury it has suffered "is likely to be redressed by a favorable decision" as to Salmon Resources, *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 96 S.Ct. 1917, 1924, 48 L.Ed.2d 450 (1976), its petition for review of the Commission's *Salmon Resources* orders must be dismissed for lack of standing.

*It is so ordered.*